UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN CLARENCE PALMER,<br><br>            Defendant. | CASE NO. CR13-5005 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INDICTMENT |

This matter comes before the Court on Defendant John Clarence Palmer's ("Palmer") motion to dismiss complaint and indictment (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On December 14, 2012, Special Agent Benjamin Ziesmer swore out a complaint before Magistrate Judge Karen L. Strombom charging Palmer with one count of possession of an unregistered explosive device, in violation of Title 26,

ORDER - 1

United States Code, Section 5861(d). Dkt. No. 1. On December 16, 2012, Palmer was arrested on the complaint.

On December 17, 2012, Palmer made his initial appearance before Magistrate Judge Strombom. Dkt. No. 6. At the initial appearance, the government made a motion for detention and requested a hearing within three days. Dkt. 5. Pursuant to the motion for detention, Palmer was temporarily detained and a hearing scheduled for December 20, 2012. Dkt. 6.

On December 18, 2012, Palmer requested a continuance of the detention hearing for one day and the hearing was rescheduled for December 21, 2012. Dkt. 8. On December 21, 2012, a detention hearing was held. At the hearing, Palmer stipulated to detention and was ordered detained. Dkt. 11. Later that day, Magistrate Judge Strombom issued a written order of detention pending trial. Dkt. 12. On January 16, 2013, the Grand Jury for the Western District of Washington returned an indictment charging Palmer with one count of possession of an unregistered explosive device. Dkt. 14.

On February 12, 2013, Palmer filed this motion to dismiss the complaint and indictment with prejudice based upon a violation of the Speedy Trial Act, alleging that the Government obtained the indictment thirty one (31) days after his arrest on the complaint thus exceeding the mandatory 30 day requirement under 18 U.S.C. § 3162(b). Dkt. 19.

On February 19, 2013, the Government filed a response in opposition to Palmer's motion, arguing, in part, there was no speedy trial violation, as Palmer incorrectly

calculated the speedy trial time because he failed to consider the excludable time for the pretrial detention motion. Dkt. 22.

## II. DISCUSSION

The Speedy Trial Act of 1974 ("the Act") provides, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges." 18 U.S.C. § 3161(b). However, certain periods of delay are excluded in computing the thirty-day period. § 3161(h). If more than 30 days have accrued after excluding the periods of delay provided for in section 3161(h), then the offenses "contained in [the] complaint shall be dismissed or otherwise dropped." § 3162(a)(1).

The Act also provides,

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed ...:
(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
....
(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. § 3161(h)(1) and § 3161(h)(1)(D). Where a pretrial motion requires a hearing, the entire time period between the filing of the motion and the conclusion of the hearing is automatically excluded, whether it actually causes delay or not. *Henderson v. United States*, 476 U.S. 321, 329 (1986). *See also United States v. Wirsing,* 867 F.2d 1227, 1230-31 (1989) (finding time period for motion to detain defendant in pretrial confinement was excluded from speedy trial calculation).

1  In this case, Palmer was arrested on December 16, 2012, pursuant to a
2  complaint which charged him with one count of possession of an unregistered destructive
3  device in violation of 26 U.S.C. § 5861. This arrest triggered the thirty day rule.
4  However, on December 17, 2012, at the initial appearance, the Government filed a
5  motion for detention. Dkt. 5.  The hearing on the motion was continued one day at
6  Palmer's counsel's request.  Dkt. 8.  The motion was decided on December 21, 2012,
7  when Magistrate Judge Strombom detained Palmer following his stipulation to detention.
8  Dkt. 11.  The filing of the motion for detention tolled the speedy trial clock until
9  December 21, 2012.  *See* 18 U.S.C. 3161(h)(1)(D).  Therefore the speedy trial clock did
10 not begin to run until December 22, 2012.  By January 16, 2013, the date the indictment
11 was returned only twenty six (26) days of speedy trial had elapsed.  Thus, there has been
12 no violation of the Speedy Trial Act.

### III. ORDER

14 Therefore, it is hereby **ORDERED** that Palmer's motion to dismiss the complaint
15 and the indictment (Dkt. 19) is **DENIED.**
16 Dated this 27th day of February, 2013.

BENJAMIN H. SETTLE
United States District Judge